OPINION. MuRdock, Judge-. Section 101 (7) of the Internal Kevenue Code provides that a business league which is not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual shall be exempt from taxation. The regulations applicable to the taxable years here involved contain the following with reference to business leagues: A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of commerce or board of trade. Thus its activities should be directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining, is not a business league. [See Regulations 103, sec. 19.101 (7)-1 and Regulations 111, sec. 29.101(7)-1.J The petitioner does not contend that the above provision of the regulations is an improper one. It has been applied repeatedly in cases like this and it now would seem to have the force and effect of law. One argument only of several made by the respondent need be discussed. He contends, inter aMa, that the publication of the catalogs prevents the petitioner from qualifying as an exempt business league. The catalogs listed only products of the manufacturing members of the petitioner. A catalog is a form of advertising generally used by such manufacturers to promote sales. An association formed for the sole purpose of publishing and distributing catalogs for members would be performing a particular service for them and clearly would not be within the definition of a business league given in the regulations. The petitioner allocated a large part of its overhead expense to the services it rendered in connection with the catalogs. A large part of its annual receipts was from sales of the catalogs. Those receipts were, apparently, insufficient to pay the expenses of publication and losses occurred which had to be made up from dues. These and other facts show that the preparation and publication of the catalogs was one of the important activities of the petitioner from both a time and a money standpoint. It was not merely incidental to some other dominant activity. The publication of the catalogs was not directed to the improvement of business conditions generally, but was a particular service, the performance of which benefited the member manufacturers as opposed to their nonmember competitors. It advertised specifically the goods which the manufacturing members were engaged in selling. The fact that the products of all manufacturing members were listed in the one catalog even though some of those articles were sold in competition with those of other manufacturing members does not save the petitioner’s case. It was not the kind of an association which Congress intended to exempt and it does not qualify for exemption under the regulation. Whether the decision would be different had the catalogs listed all articles being manufactured in the whole industry need not be decided at this time. The petitioner states in its brief that it “is not primarily concerned with the question of penalties,” but it argues that the delay in filing its returns was due to reasonable cause, since, whatever the ultimate decision in the case may be, there was at least justification for the belief on the part of the petitioner that it was exempt from tax as a business league and for it to wait until the Commissioner advised it to file returns. The record does not disclose any reasonable cause for the petitioner’s delay in filing its returns. It could easily have avoided all question of penalties by simply filing the returns when they were due and finding out later whether or not it was exempt from tax. Decision will be entered for the respondent.